IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN LUIS LEONOR,<br><br>               Petitioner,<br><br>   vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services; and MIKE HILGERS, Nebraska Attorney General;<br><br>               Respondents. | 8:24CV6<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Petitioner Juan Luis Leonor's ("Leonor") Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254, Filing No. 1, and Motion for Appointment of Counsel, Filing No. 3. Upon preliminary review, the Court will dismiss Leonor's petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals and will deny his Motion for Appointment of Counsel.

## I. BACKGROUND

Leonor is serving consecutive sentences of 20 years to life on two counts of second degree murder and 5 to 10 years on two counts of use of a deadly weapon to commit a felony stemming from his 2000 conviction by a jury in the District Court of Douglas County, Nebraska, in Docket 149-834. *State v. Leonor*, 638 N.W.2d 798, 804 (Neb. 2002); *see also* Filing No. 1 at 2, ¶¶ 5–6. Leonor is also serving consecutive sentences of 5 to 10 years for his 2000 convictions for first degree assault and use of a weapon to commit a felony in a separate case under Docket 149-835. *Id*. Additionally, in 2001, Leonor was convicted after a jury trial in the District Court of Douglas County,

Nebraska, under Docket 151-686 for first degree assault and use of a weapon to commit a felony and sentenced to consecutive sentences of 8 to 10 years' and 2 to 5 years' imprisonment. *State v. Leonor*, No. A-01-366, 2001 WL 1603079 (Neb. Ct. App. Dec. 18, 2001); *see also* Filing No. 1 at 3, ¶¶ 8–9.

In his present petition, Leonor challenges his sentences related to his convictions under Docket 149-834 for two counts of second degree murder and two counts of use of a deadly weapon to commit a felony. Filing No. 1 at 3, ¶ 12. Leonor previously sought habeas relief in this Court with respect to those judgments of conviction, which the Court denied on July 5, 2007. *Leonor v. Houston*, No. 4:05CV3162, 2007 WL 2003413 (D. Neb. July 5, 2007) (Filing Nos. 53 & 54). Leonor ultimately appealed that decision to the U.S. Supreme Court, which denied Leonor's petition for writ of certiorari on October 6, 2008. Filing No. 79, Case No. 4:05CV3162.

"The crux" of Leonor's present challenge is that his sentences for his second degree murder convictions "are void because they had been imposed under a law that had not been defined by the Nebraska Legislature; instead, said law had been defined by a judicial legislation in the case of *State v. Jones*, 245 Neb. 821[, 515 N.W.2d 654] (Neb. 1994)." Filing No. 1 at 4, ¶ 13. In *State v. Jones*, the Nebraska Supreme Court held "there is no requirement of an intention to kill in committing manslaughter. The distinction between second degree murder and manslaughter upon a sudden quarrel is the presence or absence of an intention to kill." *Jones*, 515 N.W.2d at 659. *Jones* was later overruled in 2011 in *State v. Ronald Smith*, 806 N.W.2d 383 (Neb. 2011), which held that "an intentional killing committed without malice upon a 'sudden quarrel,' . . . constitutes the offense of manslaughter." *Smith*, 806 N.W.2d at 394. Thus, after *Smith*,

the only differentiation between second degree murder and manslaughter is the presence or absence of sudden quarrel provocation. See State v. Stack, 950 N.W.2d 611, 622 (2020).

Leonor was convicted under the law of Jones, which Leonor argues was unconstitutional judicial legislation as "the Nebraska Supreme Court rewrote the Legislature's intent"

> that (1) to have sentenced Mr. Leonor under second degree murder, the State must have proven beyond a reasonable doubt that the killing, although intentional, was committed in the absence of a sudden quarrel provocation, and (2) the jury must have been simultaneously given the opportunity to convict Mr. Leonor of either second degree murder or voluntary manslaughter.

Filing No. 1 at 10, ¶¶ 32–33. As a result, Leonor argues Jones' statement of law under which he was convicted was a "void law" and his sentences for second degree murder are void. Id. at 11, ¶ 34.

## II. DISCUSSION

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

3

>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive" applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

Clearly, Leonor has challenged his second degree murder convictions and sentences in previous federal habeas corpus proceedings in this Court. See *Leonor v. Houston*, No. 4:05CV3162, 2007 WL 2003413 (D. Neb. July 5, 2007). Leonor asserts,

4

however, that his present habeas petition is not a second or successive petition. Filing No. 1 at 11, ¶ 35. Specifically, Leonor claims he is challenging the execution of his sentences. Id. at 1, ¶¶ 2–3; see Crouch v. Norris, 251 F.3d 720, 724 (8th Cir. 2001) (Where a petition for habeas corpus challenges "the execution of [a petitioner's] sentence [it] should not be deemed 'second or successive' merely because he has previously filed a § 2254 challenge to the constitutionality of his convictions."). Leonor also claims he could not have challenged his second degree murder sentences as illegal and void because "he had to be under no other sentence in Nebraska" and, by his calculations, he has served sufficient time to satisfy his sentences related to his other convictions under Dockets 149-835 and 151-686. Filing No. 1 at 11, ¶¶ 35–36.

Despite his attempts at artful pleading, Leonor does not challenge the execution of his sentence, but rather he challenges the validity of his underlying conviction based on the Nebraska Supreme Court's 2011 decision in Smith, supra. Leonor previously has sought relief based on Smith in his prior habeas case, Leonor v. Houston, Case No. 4:05CV3162, by filing motions for relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), Filing Nos. 104 & 117, Case No. 4:05CV3162, which the Court denied, Filing No. 105 at 4 n.1 & Filing No. 124, Case No. 4:05CV3162. Leonor also has filed two petitions in the Eighth Circuit Court of Appeals in 2017 and 2019 seeking authorization to file a successive habeas petition based on the Smith decision, both of which were denied. See Filing Nos. 59, 60, 62, & 65, Case No. 4:07CV3139.[1]

---

[1] While Leonor's petitions to the Eighth Circuit to file a successive habeas petition clearly relate to his second degree murder judgments of conviction challenged here, the Eighth Circuit petitions and denials were filed in Case No. 4:07CV3139, which is the habeas case related to Leonor's conviction in Docket 151-686. See Filing No. 1 at 3, ¶ 10.

As Leonor unsuccessfully challenged his second degree murder judgments of conviction in earlier federal habeas corpus litigation in this Court, his present petition is successive. Though Leonor asserts a claim based on Nebraska case law that did not exist at the time of Leonor's previous habeas petition, he must first obtain permission from the Eighth Circuit Court of Appeals to file a second or successive habeas petition before he may assert any new claim challenging the validity of his convictions and sentences. 28 U.S.C. § 2444(b)(2) & (3)(A). He has not done so, and this matter must be dismissed. *Burton*, 549 U.S. at 152 (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

### III. MOTION FOR APPOINTMENT OF COUNSEL

With his petition, Leonor filed a Motion for Appointment of Counsel. Filing No. 3. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.

## IV.  CERTIFICATE OF APPEALABILITY

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, Leonor has failed to make a substantial showing of the denial of a constitutional right.  The Court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.  Accordingly, the Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition, Filing No. 1, is dismissed without prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals.  No certificate of appealability has been or will be issued in this matter.

2. The Court will enter judgment by separate document.

3. Leonor's Motion for Appointment of Counsel, Filing No. 3, is denied.

Dated this 1st day of July, 2024.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge