IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUAN LUIS LEONOR,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>ROB JEFFREYS, Director of Nebraska Department of Correctional Services; and MIKE HILGERS, Nebraska Attorney General;<br><br>　　　　　　Respondents. | 8:24CV6<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the court on Petitioner Juan Luis Leonor's Motion to Alter or Amend Judgment, Filing No. 11, brought pursuant to Federal Rule of Civil Procedure 59(e). Petitioner seeks relief from the Court's July 1, 2024, Memorandum and Order, Filing No. 9, and Judgment, Filing No. 10, dismissing his habeas petition because it is a second or successive petition that had not been authorized by the Eighth Circuit Court of Appeals. For the reasons that follow, Petitioner's Motion to Alter or Amend Judgment will be denied.

　　　　Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id*. A Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). Petitioner's motion was timely filed on July 25, 2024.

　　　　Here, Petitioner argues that the Court made manifest errors of law and fact in dismissing his habeas petition because he challenges not the validity of his convictions,

but the validity of his sentences, and he is not required to seek authorization from the Eighth Circuit Court of Appeals to file his current habeas petition. Filing No. 11 at 3–6. In essence, Petitioner contends that his sentences for second degree murder are void because "he had been convicted under a law that was unconstitutional, void, and illegal," *Id*. at 4, that is, the Nebraska Supreme Court's holding in *State v. Jones*, 515 N.W.2d 654 (Neb. 1994), that "there is no requirement of an intention to kill in committing manslaughter. The distinction between second degree murder and manslaughter upon a sudden quarrel is the presence or absence of an intention to kill." *Jones*, 515 N.W.2d at 659. Because *Jones* was later overruled in 2011 in *State v. Ronald Smith*, 806 N.W.2d 383 (Neb. 2011), so that, after *Smith*, the only differentiation between second degree murder and manslaughter is the presence or absence of sudden quarrel provocation, *see State v. Stack*, 950 N.W.2d 611, 622 (2020), Petitioner argues "'the State lacked the power to proscribe [Mr. Leonor's] conduct, [and] 'it could not constitutionally insist that he remain in jail.'" Filing No. 11 at 4 (first alteration in original) (citing *Montgomery v. Louisiana*, 577 U.S. 190, 204 (2016) (citation omitted)).

The Court finds Petitioner's argument unconvincing and without merit. Petitioner was convicted of second-degree murder, and nothing Petitioner argues suggests that the State of Nebraska lacked the power to proscribe such conduct. Rather, Petitioner's argument is premised on his insistence that he is entitled to the benefit of the holding in *Smith*, despite the Nebraska Supreme Court's clear holding that the rule in *Smith* does not apply retroactively and such conclusion is "not a federal due process problem." *Iromuanya v. Frakes*, 866 F.3d 872, 881 (8th Cir. 2017); *see also State v. Glass*, 905 N.W.2d 265, 276 (Neb. 2018). Despite Petitioner's attempts to reframe his claims here,

2

he seeks to challenge his underlying convictions and the Court stands by its conclusion that Petitioner must seek authorization from the Eighth Circuit Court of Appeals before presenting his claims to this Court in a habeas petition.

Thus, upon review of Petitioner's arguments, the Court determines Petitioner has not demonstrated any legitimate reason for altering, amending, or otherwise obtaining any relief from the Court's judgment of dismissal. He has not shown that the judgment was the result of manifest error of law or fact. Thus, Petitioner has failed to establish sufficient grounds for setting aside the Court's judgment under Rule 59(e).

IT IS THEREFORE ORDERED that: Plaintiff's Motion to Alter or Amend Judgment, Filing No. 11, is denied.

Dated this 3rd day of March, 2025.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge